UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO. 07-61643-CIV-COOKE/BROWN

ORAN WILLIAMSON,

    *Plaintiff*,

v.

HOME DEPOT USA, INC., d/b/a
THE HOME DEPOT

    *Defendant.*

_____/

## ORDER REMANDING CASE TO STATE COURT

This case is before me on Plaintiff Oran Williamson's ("Williamson") Motion to Remand [D.E. 4]. After reviewing the motion and response, I find, for the reasons stated below, that Plaintiff's Motion should be granted and the case should be remanded to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

### I. BACKGROUND

In January 2007, Williamson was injured in a Home Depot Store in Broward County, Florida. Williamson commenced a negligence action against Home Depot in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida. Shortly thereafter, Home Depot filed a Notice of Removal, claiming diversity jurisdiction under 28 U.S.C. §1332. The parties do not dispute that complete diversity of citizenship exists; rather, the issue is whether the amount in controversy meets the jurisdictional amount of $75,000. In the Notice of Removal, Home Depot states that this court has jurisdiction over the matter because Williamson is seeking damages in excess of $75,000. In his Motion to Remand, however, Williamson argues that this court lacks diversity jurisdiction because Williamson's pleadings do not state the amount of damages claimed

and Home Depot has not sustained its burden of proving that the amount in controversy exceeds $75,000.

## II. STANDARD ON MOTION TO REMAND

Under 28 U.S.C. § 1441, a defendant can remove an action to the United States District Court if that court has original jurisdiction over the action. 28 U.S.C. § 1441(a). United States District Courts have original jurisdiction over all civil actions between parties of diverse citizenship where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

The party that removes the state court action to federal court must show that federal jurisdiction exists. *Williams v. Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir.2001). Where the plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional amount. *Id.*

In assessing the amount in controversy, the court should first determine from looking at the complaint whether it is "facially apparent" that the amount in controversy exceeds $75,000. *Id.* If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal. *Id*. If the plaintiff challenges the removal by filing a timely motion to remand, the district court's inquiry is limited to the evidence available when the motion to remand was filed, i.e., the notice of removal and accompanying documents. *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213-14 (11th Cir. 2007). If the evidence is insufficient to establish that removal was proper or that federal jurisdiction was present, the defendants and the court cannot "speculate in an attempt to make up for the notice's failings." *Id.* at 1215. Additionally, the district court should not grant leave for the defendant to conduct discovery or engage in its own discovery to ascertain the factual basis of jurisdiction. *Id.* at 1217. Thus, "removal statutes are construed narrowly; where plaintiff

and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir.1994).

### III.   ARGUMENT

Home Depot argues that it is facially apparent from Williamson's Complaint that the amount in controversy is above the jurisdictional requirement. Home Depot also contends that Plaintiff's Response to Defendant's Request for Admissions proves that the amount in controversy is above $75,000 because Plaintiff admits to sustaining serious injuries to his dominant hand. Home Depot argues that, if these injuries are proven, the damages in the case will exceed $75,000. Williamson, on the other hand, contends that the documents presented by Home Depot are insufficient to prove federal jurisdiction by a preponderance of the evidence.

Home Depot is unable to meet its burden because it has not presented evidence that clearly indicates that the value of Williamson's claims exceeds $75,000. To show that it is facially apparent that the damages exceed the jurisdictional minimum, it is insufficient to rely on the severity of the injuries alleged. *Beal v. La Quinta Inns, Inc.*, No. 3:06-CV-996-J-33 TEM, 2007 WL 1577826, at *2 (M.D. Fla. May 31, 2007) (finding it insufficient to rely only on the severity of the damages claimed to satisfy burden of proving jurisdiction by a preponderance of the evidence). The jurisdictional amount must be either stated clearly on the face of the documents before the court, or readily deducible from them; if not, the court does not have jurisdiction and must remand. *Lowery*, 483 F.3d at 1211. The evidence upon which the defendant relies "must contain an unambiguous statement that clearly establishes federal jurisdiction." *Id.* at 1213 n.63. Here, the amount in controversy is not clearly stated, or deducible from the presented documents. The amount in controversy also cannot be deduced from the documents accompanying the Notice of Removal because, in his Responses to Defendant's Request for Admissions,

Williamson did not stipulate to the amount of damages sought. According to the Eleventh Circuit, a plaintiff's mere refusal to stipulate to the amount of damages is insufficient to satisfy the defendant's burden of establishing the jurisdictional amount. *Id.* Additionally, where federal jurisdiction is challenged through a Motion to Remand, "[a] district court should not insert itself into the fray by granting leave for the defendant to conduct discovery or by engaging in its own discovery."[1] 483 F.3d at 1218. Therefore, in assessing whether removal was proper in this case, I may only review the limited evidence available when the Motion to Remand was filed, i.e., the Notice of Removal and accompanying Request and Responses to Request for Admission. *Id.* at 1213-14. As discussed above, these documents are insufficient to establish that removal was proper. In light of the insufficiencies in the record, the case should be resolved in favor of remand. *Burns v. Windsor Ins. Co.*, 31 F.3d at 1095.

### IV.  CONCLUSION

For the reasons discussed above, Williamson's Motion to Remand [D.E. 4] is granted. This case is remanded to the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, Florida.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 29th day of May 2008.

_____
MARCIA G. COOKE
United States District Judge

---

[1]  In *Williams*, the Court held that where the notice of removal asserts the jurisdictional amount, the plaintiff does not challenge that assertion, and the amount cannot be clearly determined from the record, the district court must make factual findings on the amount in controversy. 269 F.3d at 1321. Unlike the situation in *Williams*, where the jurisdictional question was raised *sua sponte* by the Eleventh Circuit and the plaintiff had not challenged federal jurisdiction at the district court level, the situation in the present case constrains post-removal discovery.

cc:

*The Honorable Ted E. Bandstra*

*All Counsel of Record*